IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE RAY CORONA,

      Plaintiff,

v.                                                                    No. 17-CV-00805-KRS-CG

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, OFFICER BRENT AGUILAR,
AND OFFICER TRAVIS LOOMIS, IN THEIR
PERSONAL AND OFFICIAL CAPACITIES,

      Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR ASSAULT, BATTERY, WRONGFUL ARREST, PRIMA FACIE TORT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, PAIN AND SUFFERING, NEGLIGENCE, DAMAGES, MISUSE OF PROCESS, MALICIOUS ABUSE OF PROCESS AND VIOLATION OF 42 U.S.C. 1983**

Defendants City of Clovis, Officer Brent Aguilar and Officer Travis Loomis (collectively "Defendants"), by and through their counsel of record, MILLER STRATVERT P.A. (Cody R. Rogers), hereby submit their Answer to Plaintiff's First Amended Complaint as follows:

1.      In response to Paragraph 1, Defendants lack information sufficient to admit or deny the allegations as stated, and therefore deny the allegations as stated in Paragraph 1.

2.      In response to Paragraph 2, Defendants admit that Clovis Police Department is a division or department of the City of Clovis.  Defendants deny that Clovis Police Department is subject to suit in this or any matter.  Defendants admit that the stated mission of the Clovis Police Department is as recited in Paragraph 2.  Defendants deny any remaining allegations contained in Paragraph 2.

3.      In response to Paragraph 3, Defendants admit the allegations as stated.

4.      In response to Paragraph 4, Defendants admit the allegations as stated.

5.      In response to Paragraph 5, Defendants admit the allegations as stated.

6.      In response to Paragraph 6, Defendants admit the allegations as stated.

7.      In response to Paragraph 7, Defendants admit the allegations as stated.

## VIOLATIONS UNDER TORT CLAIMS ACT

8.      In response to Paragraph 8, Defendants admit the allegations as sated.

9.      In response to Paragraph 9, Defendants admit the allegations as stated.

10.      In response to Paragraph 10, Defendants admit that Officer Aguilar told Mr. Corona he was not the driver and that he was not speaking to him.  Defendants deny any remaining allegations stated in Paragraph 10.

11.      In response to Paragraph 11, Defendants admit the allegations as stated.

12.      In response to Paragraph 12, Defendants admit the allegations as stated.

13.      In response to Paragraph 13, Defendants admit the allegations as stated.

14.      In response to Paragraph 14, Defendants deny the allegations as stated.

15.      In response to Paragraph 15, Defendants admit that Officer Aguilar told Mr. Corona that if he did not comply with Officer Aguilar's commands, he would be placed under arrest. Defendants deny any remaining allegations contained in Paragraph 15.

16.      In response to Paragraph 16, Defendants admit that Officer Aguilar commanded Mr. Corona out of the back seat of the vehicle and handcuffed him with his arms behind his back. Defendants admit that Officer Aguilar turned Mr. Corona around and began to escort him towards his patrol unit.  Defendants deny any remaining allegations contained in Paragraph 16.

17.      In response to Paragraph 17, Defendants admit the allegations as stated.

18.      In response to Paragraph 18, Defendants admit the allegations as stated.

19.      In response to Paragraph 19, Defendants admit the allegations as stated.

20.     In response to Paragraph 20, Defendants admit the allegations as stated.

21.     In response to Paragraph 21, Defendants deny the allegations as stated.

22.     In response to Paragraph 22, Defendants admit that Officer Aguilar prepared a police report regarding the incident.  Defendants deny the remaining allegations contained in Paragraph 22.

23.     In response to Paragraph 23, Defendants deny the allegations as stated.

24.     In response to Paragraph 24, Defendants deny the allegations as stated.

25.     In response to Paragraph 25, Defendants deny the allegations as stated.

26.     In response to Paragraph 26, Defendants deny the allegations as stated.

27.     In response to Paragraph 27, Defendants deny the allegations as stated.

28.     In response to Paragraph 28, Paragraph 28 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

29.     In response to Paragraph 29, Paragraph 29 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

30.     In response to Paragraph 30, Paragraph 30 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

31.     In response to Paragraph 31, Paragraph 31 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

32.     In response to Paragraph 32, Defendants deny the allegations as stated.

33.     In response to Paragraph 33, Defendants deny the allegations as stated.

34.     In response to Paragraph 34, Defendants deny the allegations as stated.

35.     In response to Paragraph 35, Defendants deny the allegations as stated.

36.     In response to Paragraph 36, Defendants deny the allegations as stated.

37.     In response to Paragraph 37, Defendants deny the allegations as stated.

38.     In response to Paragraph 38, Defendants admit that Officer Loomis was on scene and prepared a police report regarding the incident.  Defendants deny the remaining allegations contained in Paragraph 38.

39.     In response to Paragraph 39, Defendants lack information sufficient to admit or deny the allegations as stated, and therefore deny the allegations as stated in Paragraph 39.

40.     In response to Paragraph 40, Defendants deny the allegations as stated.

41.     In response to Paragraph 41, Defendants deny the allegations as stated.

42.     In response to Paragraph 42, Paragraph 42 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

43.     In response to Paragraph 43, Paragraph 43 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

44.     In response to Paragraph 44, Paragraph 44 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

4

45.     In response to Paragraph 45, Paragraph 45 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

46.     In response to Paragraph 46, Defendants deny the allegations as stated.

47.     In response to Paragraph 47, Paragraph 47 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

48.     In response to Paragraph 48, Paragraph 48 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

49.     In response to Paragraph 49, Defendants lack information sufficient to admit or deny the allegations as stated, and therefore deny the allegations as stated.

50.     In response to Paragraph 50, Defendants lack information sufficient to admit or deny the allegations as stated, and therefore deny the allegations as stated.

51.     In response to Paragraph 51, Paragraph 51 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

52.     In response to Paragraph 52, Defendants deny the allegations as stated.

53.     In response to Paragraph 53, Defendants deny the allegations as stated.

54.     In response to Paragraph 54, Defendants deny the allegations as stated.

55.     In response to Paragraph 55, Defendants deny the allegations as stated.

## VIOLATIONS OF 42 U.S.C. 1983

56.     Defendants reincorporate their responses to Paragraphs 1-55 as though fully set forth herein.

57.     In response to Paragraph 57, Paragraph 57 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

58.      In response to Paragraph 58, Paragraph 58 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

59.     In response to Paragraph 59, Paragraph 59 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

60.     In response to Paragraph 60, Paragraph 60 contains only legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations as stated.

61.     Defendants deny any allegations contained in Plaintiff's First Amended Complaint that are not specifically admitted above.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiff's First Amended Complaint:

1.     Plaintiff's First Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      The use of force by Defendants was objectively reasonable under the circumstances.

3.      The actions of Defendants were lawful and done in good faith.

4.      Plaintiff's injuries were proximately caused by his own intentional acts or negligence.

5.      If Defendants were at fault, which is expressly denied, their fault must be compared with the fault of Plaintiff or to that of other persons or entities, known and unknown, under the doctrine of comparative fault.

6.      Officer Aguilar and Officer Loomis are entitled to qualified immunity for any actions or failures to act related to the incidents alleged in Plaintiff's First Amended Complaint.

7.      Plaintiff's claims for prima facie tort, intentional infliction of emotional distress and conspiracy were previously dismissed by the state district court based on sovereign immunity. Plaintiff's claims for punitive damages, pre-judgment interest or attorney's fees associated with those claims were also dismissed by the state district court  because they are barred by the New Mexico Tort Claims Act, NMSA 1978 § 41-4-19(D).

8.      Plaintiff's claims for punitive damages are barred because Defendants engaged in no acts or omissions which would rise to a level required to sustain an award for punitive damages. The alleged conduct of Defendants, which is denied in its entirety, never approached reckless, wanton or willful conduct or callous disregard so as to support liability or punitive damages.

9.      Plaintiff's claims for punitive damages are barred because any award of punitive damages will violate rights guaranteed by the United States Constitution and the New Mexico Constitution.

10.     Plaintiff's claims are barred by the doctrine of unclean hands.

11.     Defendants reserve the right to raise additional affirmative defenses revealed during the course of discovery.

WHEREFORE, having answered Plaintiff's First Amended Complaint, Defendants hereby request that the case be dismissed with prejudice, for their costs and attorney's fees, and for such other relief as this Court deems appropriate.

Respectfully submitted,

MILLER STRATVERT P.A.

By _____
        Cody R. Rogers
        *Attorneys for Defendants*
        3800 Lohman Ave., Suite H
        Las Cruces, New Mexico 88011
        Telephone: (575) 523-2481
        Facsimile:  (575) 526-2215
        Email: crogers@mstlaw.com

I HEREBY CERTIFY that the foregoing document was filed through the CM/ECF system which caused all counsel of record to be served by electronic means on this 15th day of August, 2017.

*Attorney for Plaintiff*
Daniel R. Lindsey
Lindsey Law Firm, LLC
920 Mitchell Street
Clovis, NM 88101-5816

_____
Cody R. Rogers

\\abq-tamarack\prodata\000059-047356\pleadings\3263195.docx