IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE RAY CORONA,

    Plaintiff,

v.                                                                                             No. 17-CV-805 MCA/CG

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, OFFICER BRENT
AGUILAR, AND OFFICER TRAVIS
LOOMIS, IN THEIR PERSONAL AND
OFFICIAL CAPACITIES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiff's Motion for Preliminary Injunction to Prevent Defendant Aguilar from Leaving the United States*. [Doc. 13] The Court, having considered the submissions, the relevant law, and otherwise being fully advised in the premises, hereby **DENIES** the *Motion*.

**BACKGROUND**

In August of 2017, Plaintiff Jorge Ray Corona filed a *First Amended Complaint* in the Ninth Judicial District Court of the State of New Mexico. Plaintiff brings several counts pursuant to the New Mexico Tort Claims Act and 42 U.S.C. § 1983 arising from an alleged wrongful arrest and assault on Plaintiff by Defendant Officer Brent Aguilar and the alleged participation by Defendant Officer Travis Loomis. [Doc. 1-1] Defendants removed the case to this Court. [Doc. 1, p.1]

1

On October 2, 2017, Plaintiff filed the present *Motion for Preliminary Injunction to Prevent Defendant Aguilar from Leaving the United States*. [Doc. 13] Therein, Plaintiff asserted that he learned that Defendant Aguilar had plans to immediately leave the United States for employment. [Doc. 13, ¶ 1] Plaintiff thus asked the Court to "issue a Preliminary Injunction to prevent Defendant Brent Aguilar from leaving the United States to avoid participation in the trial of this matter." [Doc. 13, ¶ 4]

The Court held a status conference regarding the *Motion for Preliminary Injunction* on October 3, 2017, after which the Court ordered Defendants to file an expedited response to the *Motion*. [Doc. 15] Defendants did so, and therein represented that Defendant Aguilar was seeking employment that might take him outside of the United States at some point. [Doc. 20, ¶ 5] Defendant stated that Officer Aguilar would "be available as necessary for the applicable discovery period and any trial in this matter." [Doc. 20, ¶ 5] Further, Defendants stated that, should Defendant Aguilar become unavailable for trial, "undersigned counsel will ensure that his testimony is preserved through a trial deposition," or, alternatively, pointed to the potential accommodation of allowing Defendant Aguilar to testify live via video conference. [Doc. 20, ¶ 5] Defendants indicated they "will keep the Court and Plaintiff apprised of any change in the above referenced circumstances." [Doc. 20, ¶ 6] Plaintiff replied, asserting that Defendant Aguilar's in-person presence at trial was necessary and Defendants' proposed measures were insufficient to ensure Defendant Aguilar's presence at trial. Thus, Plaintiff continued to request that this Court "issue a Preliminary Injunction preventing Defendant Officer Aguilar from leaving the country until the trial

2

of this cause is concluded." [Doc. 23, ¶ 6] Plaintiff further requested this Court to confiscate Defendant Aguilar's passport. [Doc. 23, p. 2]

**ANALYSIS**

While Plaintiff seeks a "preliminary injunction," and while he certainly seeks injunctive relief, the Court observes that he is not seeking a preliminary injunction concerning the merits of this matter, as governed by Federal Rule of Civil Procedure 65 and as discussed in cases such as *Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) (discussing the "extraordinary remedy" of a preliminary injunction, the purpose of which is "merely to preserve the relative positions of the parties until a trial on the merits can be held" (internal quotation marks and citation omitted)). Thus, the Court does not employ the analysis discussed in *Schrier* and like cases.

The Federal Rules of Civil Procedure govern discovery matters, including the failure of a party to attend a deposition. *See* Fed. R. Civ. P. 30(b)(1); Fed. R. Civ. P. 37. Rule 37(b)(2)(A) allows for various sanctions when a party fails to appear for his or her deposition,[1] up to and including "rendering a default judgment against the disobedient party." *See also Wilson v. Montano*, Civ. No. 11-658 KG/SCY, 2018 WL 502497, at *7 (D.N.M. Jan. 19, 2018) (report and recommendation adopted, February 6, 2018) (stating that "Rule 37(d) governs a party's failure to attend a deposition"). The attendance of a

---

[1] In addition, Rule 30 provides that the "court may impose an appropriate sanction . . . on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). It also allows for the use of subpoena to compel the attendance of the deponent. Fed. R. Civ. P. 30(a)(1). In turn, Federal Rule of Civil Procedure 45, governing subpoenas, allows the court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

party at his or her deposition is a discovery matter adequately addressed by the Federal Rules of Civil Procedure, making a preliminary injunction or other preemptive injunctive relief unnecessary. Furthermore, if the Court were to issue an order compelling the attendance of Defendant Aguilar at either his deposition or at trial (based on an adequate showing of the necessity for such order), and should Defendant Aguilar violate such order, the Court has broad powers to sanction such violation. *See Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 793 (1987) ("[I]t is long settled that courts possess inherent authority to initiate [criminal] contempt proceedings for disobedience to their orders"). Specifically relating to confiscating passports, this Court finds persuasive the following recitation of the law:

> [A]n order to surrender a passport is "very rare" in civil cases outside the matrimonial context. *Merrill Lynch Bus. Fin. Servs., Inc. v. Kupperman*, No. 06–4802, 2007 WL 2300737, at *1 (D .N.J. Aug. 7, 2007). Such an order is appropriate where defendant "has 'demonstrated a propensity to leave the country when the heat is turned up.'" *Id*. at *2 (quoting *Herbstein v. Bruetman*, 241 F.3d. 586, 588 (7th Cir.2001)).

*Mellott v. MSN Commc'ns, Inc*., No. 09-CV-02418-PAB-MJW, 2010 WL 5110136, at *27 (D. Colo. Dec. 8, 2010).

Here, Plaintiff has not demonstrated that Defendant Aguilar has left or is likely to leave the country to avoid participation in this litigation. The paltry factual basis proffered by Plaintiff is far from sufficient to warrant the harsh measures sought by Plaintiff. Plaintiff's request amounts to a request that this Court enjoin Defendant Aguilar from traveling outside of the United States for employment purposes simply because he is a defendant in a federal civil lawsuit. This request is not only unsupported

by law, it is austere under the circumstances of this case. Restricting a party's right to travel as a preemptive measure to ensure participation in legal proceedings is neither necessary nor justified.

Accordingly, *Plaintiff's Motion for Preliminary Injunction to Prevent Defendant Aguilar from Leaving the United States* is **DENIED**.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Court hereby **DENIES** *Plaintiff's Motion for Preliminary Injunction to Prevent Defendant Aguilar from Leaving the United States*. [Doc. 13]

**SO ORDERED** this 5th day of April, 2018 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge