UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JORGE RAY CORONA,**

    **Plaintiff,**

vs.                                     No. 17-CV-00805 MCA/CG

**CITY OF CLOVIS, et al.,**

    **Defendants.**

### DEFENDANTS' MOTION TO FILE EXHIBIT B AND C TO MOTION FOR SUMMARY JUDGMENT UNDER SEAL

Defendants, City of Clovis, its department, Clovis Police Department and Officers Brent Aguilar and Travis Loomis, by and through their attorneys of record, JARMIE & ASSOCIATES (Cody R. Rogers, and Mark D. Standridge), and pursuant to FED. R. CIV. P. 5.2(d), hereby request that this honorable Court grant them leave to file **Exhibits B** and **C** to their Motion for Summary Judgment (Doc. 41, filed 8/3/2018) under seal. Plaintiff has been contacted and opposes this Motion.[1] For their Motion, Defendants state as follows:

1. August 3, 2014, Clovis Police Department Officer Brent Aguilar executed a traffic stop of a vehicle he observed traveling at a high rate of speed run a red light. Office Aguilar contacted the driver, Teshia Lujan, and plaintiff, who interfered with Officer Aguilar's investigation of the matter, refused lawful commands and was subsequently placed under arrest. *See* Motion for Summary Judgment, Doc. 41, at Statement of Undisputed Material Facts.

---

[1] Undersigned counsel attempted to contact Plaintiff's counsel regarding another case earlier this week and learned that Plaintiff's counsel is out of state until August 6, 2018. Undersigned counsel indicated they would note Plaintiff's opposition to the Motion and notify the Court via errata should Plaintiff's position change.

2.  The interaction between plaintiff, Ms. Lujan and Officer Aguilar was captured by Officer Aguilar's dash camera. The dash camera also captured personal identifying information regarding Ms. Lujan, which she provided to the officers on scene during their contact with her.[2] Officer Travis Loomis was on scene to assist Officer Aguilar. *See id*. During the course of the traffic stop and ensuing arrest of Teshia Lujan, Officer Loomis's dashcam captured personal identifying information for Naomi Lujan, a passenger in Teshia Lujan's vehicle.

3.  In order to maintain the privacy rights of Naomi and Teshia Lujan, who are not parties to this case, and the confidentiality of their personal identifying information, Defendants respectfully request that they be permitted to file the dash camera video, marked as **Exhibits B** and **C**, to their Motion for Summary Judgment and Memorandum in Support Thereof, under seal with this Court, such that only the Court, its personnel and the parties may access the Motion and exhibits.

Ordinarily, there is a common-law right of access to judicial records, and there is a presumption of in favor of public access exists that may be overcome if "countervailing interests heavily outweigh the public interest in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). Under FED. R. CIV. P. 5.2(d), this Court "may order that a filing be made under seal without redaction." Moreover, District Courts retain the power to seal documents and to conduct *in camera* review when it is necessary in a particular case. *See*, *e.g.*, *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598-99 (1978); *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356-57 (Fed. Cir. 2011); *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 324 (D.C.Cir. 1982) ("A district court has 'inherent discretionary power' to allow access to *in camera* submissions

---

[2] Teshia Lujan was ultimately placed under arrest for driving under the influence of intoxicating liquor, in violation of New Mexico law. *See* Exhibit B at 16:30-40.

where appropriate") (citation omitted); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir.1989) ("District courts have the inherent power to receive *in camera* evidence and place it under seal in appropriate circumstances") (citation omitted); *see also Miller-Holzwarth, Inc. v. United States*, 44 Fed. Cl. 153, 154 (1999)**.**

Defendants cannot redact the dash cam videos regarding the personal identifying information. As such, Defendants request that this Court allow them to file **Exhibit B** and **C** to the Motion for Summary Judgment under seal.

**WHEREFORE**, Defendants respectfully request that this honorable Court grant them leave to file **Exhibit B** and **C** to their Motion for Summary Judgment under seal pursuant to Rule 5.2(d), and for such other relief as the Court deems appropriate.

Respectfully submitted,

JARMIE & ASSOCIATES

By  */s/ Cody R. Rogers*
 Cody R. Rogers
 Mark D. Standridge
 *Attorneys for Defendants*
 P.O. Box 344
 Las Cruces, NM 88004
 (575) 526-3338
 crogers@jarmielaw.com
 mstandridge@jarmielaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed through the CM/ECF system which caused all counsel of record to be served by electronic means on this 3rd day of August 2018.

  */s/ Cody R. Rogers*
 Cody R. Rogers