## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JORGE RAY CORONA,**

      **Plaintiff,**

**vs.**                                **No. 17-CV-00805 MCA/CG**

**CITY OF CLOVIS, et al.,**

      **Defendants.**

## DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT THEREOF

**COME NOW** Defendants, by and through their attorneys of record Jarmie & Associates, and pursuant to FED. R. CIV. P. 12(c), hereby move for judgment on the pleadings in their favor on several of plaintiff's claims as discussed herein. Plaintiff's counsel was contacted regarding this matter and indicated that plaintiff opposes this Motion.[1]

For their Motion, Defendants state as follows:

1.      In his Complaint, plaintiff purported to name Officers Brent Aguilar and Travis Loomis as Defendants in their personal and official capacities. *First Amended Complaint*, Doc. No. 1-1 (filed Aug. 8, 2017), at p.1.

2.      Plaintiff alleges that "[t]he actions of Defendant's [sic] constitute a conspiracy amongst police officers to fabricate and support each other's version of events out of a misguided loyalty with another officer who has committed tortious conduct towards a

---

[1] Undersigned counsel attempted to contact Plaintiff's counsel regarding another case earlier this week and learned that Plaintiff's counsel is out of state until August 6, 2018. Undersigned counsel indicated they would note Plaintiff's opposition to the Motion and notify the Court via errata should Plaintiff's position change.

defenseless individual." Doc. No. 1-1, at ¶ 43.

3.     Plaintiff conclusorily alleges that "Defendant's negligent training of Defendant Aguilar and/or Defendant Loomis was the proximate cause of the injuries inflicted upon" plaintiff. Doc. No. 1-1, at ¶ 44. Presumably, the "Defendant" to which plaintiff refers is the City of Clovis or the Clovis Police Department (CPD).

4.     Plaintiff also conclusorily alleges that Defendant (again, presumably the City and/or CPD) has a "pattern and practice of rewarding officers who violate the law by not taking appropriate measures to correct their inappropriate behavior [sic] is responsible and was the proximate cause of the injuries to" plaintiff. Doc. No. 1-1, at ¶ 45.

5.     Without citing any factual specifics, plaintiff alleges that the "Defendant Department's failure to properly train their [sic] officers in proper arrest procedures, when they can arrest a person for concealing ID, and when they can exercise use of force against a defenseless handcuffed subject." Doc. No. 1-1, at ¶ 47.

6.     Plaintiff conclusorily alleges that "[t]he Clovis Police wish citizens of Clovis to accept responsibility for their actions, but trains [sic] is officers to never accept responsibility for their wrongful conduct." Doc. No. 1-1, at ¶ 53.

7.     Plaintiff does not plead any specific facts showing that any particular official or supervisor with the City of Clovis or its Police Department actually trained, or failed to train, Officers Brent Aguilar and Travis Loomis, nor does plaintiff plead any facts showing any policy implemented by the City of Clovis/CPD prior to August of 2014 pertinent to the claims made in this case.

8.     As discussed herein, Defendants are entitled to judgment on the pleadings on

certain claims made in plaintiffs' Complaint.

## Argument and Authorities

A.     Standard For Rule 12(c) Motions

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion provides a mechanism by which a court may dispose of a case when the material facts are not in dispute between the parties. "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation and marks omitted).  "Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000) (citing FED. R. CIV. P. 12(c)).

The same standards that govern a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure also govern a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000); *see also Ramirez*, *supra* 192 F.R.D. at 304 (citing *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998)). Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court accepts as true all well-pled factual

allegations in the complaint, viewing those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-movant's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).  Similarly, a Court considering a motion for judgment on the pleadings should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa.*, *supra*, 442 F.3d at 1244. The court must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party. *See Ramirez*, *supra*, 192 F.R.D. at 304.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950.

A plaintiff's failure either to set forth the essential elements of a cause of action, or to allege sufficient facts in support of those elements, results in dismissal. *See*, *e.g.*, *Erikson v. Pawnee County Board of Cnty. Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (affirming dismissal of claim for malicious prosecution under § 1983 because the plaintiff did not allege specific facts in support of lack of probable cause element of claim). Notably, the Tenth Circuit

4

has held that "'[t]he *Twombly* standard may have greater bite' in the context of a § 1983 claim against individual government actors, because 'they typically include complex claims against multiple defendants.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citing *Robbins*, *supra*, 519 F.3d at 1249). Thus, in a Section 1983 action, it is "particularly important" that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original).

In order to state a claim, a plaintiff must set forth the essential elements of his/her cause of action in the Complaint; failure to do so results in dismissal. *See*, *e.g.*, *Acosta Orellana v. Croplife Int'l*, 711 F.Supp.2d 81, 112 (D.D.C. 2010) (claim for agency liability dismissed for failure to adequately plead essential element of control); *Hayden v. Coppage*, 533 F.Supp.2d 1186, 1198 (M.D. Ala. 2008) (dismissing claim because the plaintiff's "failure to allege an essential element of his § 1985(3) claim is a failure to comply with the liberal pleadings requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure"); *Gyene v. Steward Fin., Inc.*, 2013 WL 146191, *7 n.14 (C.D. Cal. Jan. 11, 2013) (unpublished) (fraud in concealment claim dismissed for failure to allege essential element of claim); *Muhammad v. Bethel-Muhammad*, 2012 U.S. Dist. LEXIS 70326, *17 (S.D. Ala. May 21, 2012) (unpublished) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted)).

B.      Plaintiff Cannot Maintain Any Claims Against the Clovis Police Department

Plaintiff cannot maintain any 42 U.S.C. § 1983 claims against the Clovis Police Department, as CPD is not a "person" within the meaning of Section 1983 and is not a separate

suable entity. *See*, *e.g.*, *Mohammad v. Albuquerque Police Dep't*, 699 F. App'x 838, 839 (10th Cir. Oct. 27, 2017) (unpublished) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department "is not a separate suable entity"), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986)); *Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. Sep. 10, 2007) (unpublished) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit"); *Martinez*, 771 F.2d at 444); *Salcedo v. City of Santa Fe*, 2017 WL 5593512, *8 (D.N.M. Nov. 17, 2017) (unpublished). Plaintiff's federal claims against CPD are thus subject to dismissal.

C.    <u>Plaintiff Cannot Maintain his Official Capacity Claims Against the Officers</u>

Plaintiff has purported to sue Officers Aguilar and Loomis in their "official capacity." It is axiomatic that "an official capacity suit is 'only another way of pleading an action against an entity of which an officer is an agent.'" *Johnson v. Bd. of Cnty Comm'rs for Cnty of Fremont*, 85 F.3d 489, 493 (10th Cir.1996) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  In *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), the United States Supreme Court held that a local government entity is liable under 42 U.S.C. § 1983 for its policies that cause constitutional torts. These policies may be set by the government's lawmakers, "or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694; *see also McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 784-85 (1997). The Court's task is to "'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian*, 520 U.S. at 784-

85 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

To assert official capacity claims under *Monell*, plaintiff must allege facts sufficient to demonstrate two elements: (i) that Officers Aguilar and Loomis, as employees of CPD, committed a constitutional violation; and (ii) that a custom, practice or policy of the City of Clovis was the moving force behind that deprivation. *See Cordova v. Aragon*, 569 F.3d 1183, 1193-94 (10th Cir. 2009); *see also Doe v. Douglas Cnty. Sch. Dist. RE-1*, 775 F.Supp. 1414, 1416-17 (D. Colo. 1991). To state a proper *Monell* claim, the plaintiff must allege with the requisite factual particularity that the alleged unconstitutional actions committed by the police officers implement or execute a municipal policy or occurs pursuant to a custom. *Koppenhaver v. Unified Sch. Dist. No. 500*, 2013 WL 1704917, *4 (D. Kan. Apr. 19, 2013) (unpublished) (citing *S.S. ex rel. Sandidge v. Turner Unified Sch. Dist. No. 202*, 2012 WL 6561525, *2 (D. Kan. Dec. 14, 2012); *Monell*, *supra*, 436 U.S. at 690-91.

In the present case, plaintiff's Complaint fails to state a proper *Monell* claim. Nowhere in his Complaint does plaintiff allege any substantive facts regarding any policy, practice or custom of the Clovis Police Department underlying the purported deprivation of plaintiff's constitutional rights at the hands of Officers Aguilar and Loomis.  Put another way, plaintiff's claim fails because plaintiff fails to allege sufficient facts in his Complaint showing that his allegedly unreasonable arrest and subsequent criminal prosecution[2] were actually caused by a City of Clovis Police Department policy or custom. *See Farley v. City of Livingston Police Dep't Unnamed Emps. 1 Through 20*, 2013 WL 57705, *5 (E.D. Cal. Jan. 4, 2013) (unpublished); *see also Handy v. Cummings*, 2013 WL 1222415, *22 (D. Colo. March 25, 2013) (unpublished)

(upholding finding that plaintiff failed to identify any action taken pursuant to an official policy that caused a violation of his constitutional rights). Plaintiff cannot avoid this element of a *Monell* claim by the simple expedient of bringing suit against the Officers in their "official" capacities. *Doe v. Douglas Cnty. Sch. Dist. RE-1*, 775 F.Supp. 1414, 1417 (D. Colo. 1991) (citing *Kentucky v. Graham*, *supra*, 473 U.S. at 166). As such, plaintiff's "official capacity" claims against the Officers must be dismissed under Rule 12(c).

      D.     <u>Defendants are Entitled to Dismissal of Several of plaintiff's State Law Claims</u>

In the first count of his Complaint, plaintiff purports to state claims under the New Mexico Tort Claims Act (NMTCA), NMSA 1978, Sections 41-4-6 and 41-4-12. *See generally First Amended Complaint*, Doc. No. 1-1, *supra*, at ¶¶ 8-55. The NMTCA declares that public employees and state agencies shall only be liable within the limitations of its provisions. *See M.D.R. v. State ex rel. Human Servs. Dep't*, 1992-NMCA-082, ¶ 3, 114 N.M. 187 (citing NMSA 1978, § 41-4-2(A) (1976)). The NMTCA embodies the legislative policy of limiting the sphere of government liability. *See Lopez v. State*, 1996-NMSC-071, ¶ 8, 122 N.M. 611 (citing *Methola v. County of Eddy*, 1980-NMSC-145, ¶¶ 9-11, 95 N.M. 329); *see also Campos de Suenos v. Cnty. of Bernalillo*, 2001-NMCA-043, ¶ 14, 130 N.M. 563 (the overarching policy for the Legislature's grant of statutory immunity from suit is to "protect the public purse") (quoting *Hydro Conduit Corp. v. Kemble*, 1990-NMSC-061, ¶ 23, 110 N.M. 173). The right to sue and recover is specifically limited to the rights, procedures, limitations, and conditions of the NMTCA. *Methola*, 1980-NMSC-145, ¶ 25. A cause of action against a public employee does not exist unless immunity has been specifically waived by the NMTCA. *Begay v. State*, 1985-

---

[2] As discussed in Defendants' Motion for Partial Summary Judgment, the Officers neither

NMCA-117, ¶ 8, 104 N.M. 483 (the public policy declaration of Section 41-4-2 and the immunities proviso of Section 41-4-4, taken together, require that a plaintiff's cause of action must fit within one of the exceptions to immunity granted to governmental entities and public employees), *rev'd on other grounds*, *Smialek v. Begay*, 1986-NMSC-049, 104 N.M. 375. Several of the state law claims that plaintiff purports to make under the NMTCA are subject to dismissal and/or summary judgment.

       *1.    Negligence*

Plaintiff's Complaint purports to state a claim for, *inter alia*, negligence. Defendants are law enforcement officers and the City that employs them—the NMTCA waives immunity only for specified torts or violations when committed by law enforcement officers. *See* NMSA 1978, § 41-4-12 ("[t]he immunity granted pursuant to [the NMTCA] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest...or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties"); *see also Caillouette v. Hercules, Inc.*, 1992-NMCA-008, ¶¶ 15-21, 113 N.M. 492; *Tafoya v. Bobroff*, 865 F.Supp. 742, 747 (D.N.M. 1994). It is well-established "that under Section 41-4-12, 'immunity is not waived for negligence standing alone.'" *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 35, 144 N.M. 314 (citation omitted), *cert denied*, 144 N.M. 331 (2008). Rather, to proceed under Section 41-4-12, a plaintiff must allege that negligence caused a specified tort or violation of rights enumerated in Section 41-4-12. *Id.* ("the negligence complained of must cause a specified tort or

---

wrongfully arrested plaintiff nor did they maliciously abuse process.

violation of rights") (quoting *Caillouette*, 1992-NMCA-008, ¶ 18); *see also Wilson v. Grant County*, 1994-NMCA-001, ¶ 9, 117 N.M. 105 ("the legislature limited the waiver of immunity for Section 41-4-12 activities to more egregious behavior such as assault and battery," while other waivers "must be interpreted in light of the different standard for negligence").

    2. *Prima Facie Tort and Intentional Infliction of Emotional Distress*

  In order to bring his claims under the NMTCA, plaintiff must identify a specific waiver of immunity which allows him to do so. While the NMTCA contains a waiver of immunity under § 41-4-12 for assault and battery, there is no waiver for Intentional Infliction of Emotional Distress or prima facie tort anywhere in the NMTCA. *See*, *e.g.*, *Silva v. Town of Springer*, 1996-NMCA-022, ¶¶ 26-30, 121 N.M. 428, 435 (prima facie tort claim and IIED claims summarily dismissed where plaintiff failed to show that the acts of defendants within a recognized exception to the immunity granted to public officers under the NMTCA); *Parrish v. City of Clovis*, 2015 WL 4380278, *2 (N.M. Ct. App. June 9, 2015) (unpublished); *Romero v. Otero*, 678 F.Supp. 1535, 1540 (D.N.M. 1987); *Moyer v. Village of Fort Sumner*, 2013 WL 12146128 *9 (D.N.M. May 20, 2013) (unpublished); *Baca v. N.M. Office of Sec'y of State*, 2011 WL 13284605, *7 (D.N.M. Sep. 30, 2011) (unpublished).

    3. *Conspiracy*

  Within his first/NMTCA count of his Complaint, plaintiff alleges that "[t]he actions of Defendant's [sic] constitute a conspiracy amongst police officers." *First Amended Complaint*, Doc. No. 1-1, *supra*, at ¶ 42. To the extent that he pleads a conspiracy claim under New Mexico law, plaintiff's claim succeed only if he can demonstrate "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants

pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." *Ettenson v. Burke*, 2001-NMCA-003, ¶ 12, 130 N.M. 67, 72 (citing *Silva v. Town of Springer*, 1996–NMCA–022, ¶ 25, 121 N.M. 428). More generally, civil conspiracy is defined "as achieving an unlawful purpose or using an unlawful means to achieve a lawful goal." *Ettenson*, 2001-NMCA-003, ¶ 12. Civil conspiracy does not provide an independent basis for liability, as it depends on the existence of a valid civil claim for damages against one or more conspirators. *Id.* (citations omitted). Plaintiff does not allege any facts supporting his conclusory conspiracy claim. Even if he did, however, Defendants would be immune from any such claim. *See generally Seeds v. Lucero*, 2005-NMCA-067, ¶¶ 7-16; *see also Tapia v. Luna Cmty. Coll.*, No. CV-03-25 LFG/WDS, Doc. No. 27, Mem. Op. and Order, pp.5-6 (D.N.M. Oct. 14, 2003) (unpublished) ("[w]hile there are other specific waivers [of immunity] under the [NMTCA]…there is simply no waiver of immunity for...claims of civil conspiracy. This tort is not mentioned in any of the express waivers. The Legislature has not consented to allow this claim to be asserted as a tort against…public employees").

### 4.    *Negligent Training*

Finally, plaintiff has not pleaded facts in support of a "Negligent Training and Supervision" claim. The elements of such a claim are that 1) the City was the employer of Officers Aguilar and Loomis; 2) the City knew or should have known that training or supervising Aguilar and Loomis would create an unreasonable risk of injury to plaintiff or a group or class that includes plaintiff; 3) the City failed to use ordinary care in supervising or training Aguilar and Loomis, and 4) the City's negligence in training/supervising Aguilar and Loomis was a cause of plaintiff's injury. *See* UJI 13-1647 NMRA; *Lessard v. Coronado Paint and Decorating*

*Center, Inc.*, 2007-NMCA-122, ¶¶ 28, 37, 142 N.M. 583 (quoting *Restatement (Third) of Agency* § 7.05(1) (2006)); *Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 654-55 (10th Cir. July 8, 2014) (unpublished). These elements are not pleaded in plaintiff's Amended Complaint. *See generally First Amended Complaint*, Doc. No. 1-1, *supra*, at ¶¶ 44-53.

Plaintiff's First Amended Complaint does not allege the facts or elements of a Negligent Training/Supervision claim under New Mexico law. Plaintiff does not allege sufficient facts showing that the City of Clovis knew or should have known that training or supervising Officers Brent Aguilar and Travis Loomis would create an unreasonable risk of injury to plaintiff on August 3, 2014—instead, plaintiff only conclusorily alleges that "Aguilar has a history of disciplinary actions for not following policies and procedures prior to the injuries to" plaintiff. *First Amended Complaint*, Doc. No. 1-1, at ¶ 46. Plaintiff also does not allege that the City failed to use ordinary care in supervising or training Aguilar or Loomis. Ultimately, plaintiff alleges that the "Defendant Department and Defendant City of Clovis are responsible and liable for the intentional acts of their employees." *Id.* at ¶ 48. This does not state a claim for Negligent Training or Supervision–this hews more closely to a *respondeat superior* claim which (unlike Negligent Training or Supervision) requires the plaintiff to demonstrate that the employee was acting within the scope of his employment. *See* Committee Commentary to UJI 13-1647 (citations omitted). As such, plaintiff has not sufficiently pleaded a Negligent Training or Supervision claim.

**WHEREFORE**, Defendants respectfully request that this honorable Court grant them judgment on the pleadings on the claims discussed above, and for such other relief as this Court sees fit.

Respectfully submitted,

JARMIE & ASSOCIATES


By   */s/ Mark D. Standridge*
    Cody R. Rogers
    Mark D. Standridge
    ***Attorneys for Defendants***
    P.O. Box 344
    Las Cruces, NM 88004
    (575) 526-3338
    crogers@jarmielaw.com
    mstandridge@jarmielaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed through the CM/ECF system which caused all counsel of record to be served by electronic means on this 3rd day of August 2018.


    */s/ Mark D. Standridge*
    Mark D. Standridge