IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JORGE RAY CORONA,

      Plaintiff,

vs.                              No. 17-CV-805-JCH/CG

CITY OF CLOVIS, CLOVIS POLICE
DEPARTMENT, OFFICER BRENT
AGULAR, AND OFFICER TRAVIS LOOMIS, IN
THEIR PERSONAL AND OFFICIAL CAPACITIES,

      Defendants.


## PLAINTIFF'S SUPPLEMENTL RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT LOOMIS


COMES NOW Plaintiff Jorge Corona, by and through Counsel of record, Lindsey Law Firm, LLC, Daniel R. Lindsey, and for his Supplemental Response to Motion for Partial Summary Judgment on Defendant Loomis:

**I.    Factual Background:**    Immediately after Officer Aguilar placed Plaintiff Jorge Corona under arrest, he informed Officer Loomis that Mr. Corona had been arrested for concealing his identification. Pl.'s Ex. 3, 1:58- :59.  Thereafter, Officer Aguilar escorted Mr. Corona to his patrol card and while doing so suddenly and without justification, slammed Mr. Corona face first to the pavement. *See* Pl.'s Ex. 4 at 3:57-4:00.  Then, while Mr. Corona was on the ground, Officer Aguilar shouted at him "Stop, Stop." See Pl.'s Ex. 3 at 2:12- :16, Ex. 4 at 4:00 - :01, and  stated "Now you are under arrest for resisting and evading too." Pl.'s Ex. 3 at

2:22- :25.   All the time that Officer Aguilar was taking these actions against Jorge Corona,

Officer Loomis arrived and approached the driver side window. See Pl. Ex. 3 at 1:58- :59 and

was present when Officer Aguilar took Plaintiff out of the car and arrested him for concealing

I.D.  See Pl. Ex. 3 at 1:58 - :59.    However, although he was present at the scene, Officer

Loomis took no action to prevent Officer Aguilar from body slamming Plaintiff to the ground

without any provocation or resistance, or from taking action against Mr. Corona while he was

prone on the ground.  *See* Pl.'s Ex. 4 at 3:57 - 4:00 and *see* Pl.'s Ex. 3 at 2:12 - :16, Ex. 4 at 4:00 -

:01.

At the Trial in Magistrate Court, a video with scenes including Officer Loomis was

played for the jury.  On the video Officer Loomis states says to Officer Aguilar "So sorry man. I

don't even know what the fuck happened here. Punk." Pl.'s Ex. 6, 2:41:33 - 2:41: 41.  And in

response to cross examination, Officer Loomis testified "I had heard a noise, a scuffle; I don't

know exactly how to describe it.  Something that led me to believe that they were involved in an

altercation." Pl. Ex. 6, 2:15:41 - 2:15:48.    It is clear that there is evidence that Officer Loomis

was aware of some sort of physical action by Officer Aguilar against Plaintiff, but he did nothing

to stop it.  He also did nothing to find out the details of what happened.

When the evidence is viewed most favorably on Plaintiff's behalf, as required by a review

of a motion for summary judgment, there is substantial evidence that Defendant Police Officer

Travis Loomis failed to take any action to stop Defendant Brent Aguilar from his use of

unconstitutional excessive force against Plaintiff Jorge Corona who was in custody.

**II.    Liability:**   As a police officer, Defendant Loomis was obligated to prevent a

person in his presence, whether a civilian or whether another police officer, from engaging in the

unconstitutional use of force.  And if he did not take action to prevent such conduct, he was just

as liable for the consequences of the force as the police officer who actually used the force. *See Bruner v. Dunaway*, 684 F.2d 422 (6th Cir.) 1982, cert denied. and *Byrd v. Brishke*, 466 F.2d 6, (7th Cir., 1972). In each of these cases, the court found that an ordinary patrolman or deputy sheriff was liable for the wrongful, unconstitutional use of force by another police officer or a superior police officer. See also requested Jury Instruction "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation takes place in his presence, the officer is directly liable under Section 1983."

The use of force against an individual in connection with an arrest, stop, or seizure is analyzed under the Fourth Amendment's "reasonable" standard, *Graham v. Connor*, 490 U.S. 386 (1989). Clearly, in the subject case, the use of violent force by Defendant Police Officer Aguilar against a non-resisting Plaintiff by slamming him face first to the ground, was unreasonable. The video reveals no threatening, resisting, or escaping by Plaintiff. *See* Pl.'s Ex. 4 at 3:57-4:00 which would justify the use of such force. When Defendant Travis Loomis did nothing to stop the unreasonable, unconstitutional use of force by Officer Aguilar, he too was liable for such unlawful use of force under §1983.

**III.   Conclusion**

For the reasons set forth above, Plaintiff requests that the Court dismiss the Motion for Partial Summary Judgment as it applies to the charge of violation of Plaintiff's Fourth Amendment right to be free of unreasonable force when under arrest by Defendant Police Officer Travis Loomis.

Respectfully Submitted,
LINDSEY LAW FIRM, LLC


/s/Daniel R. Lindsey
Daniel R. Lindsey
920 Mitchell Street
Clovis, NM 88101-5816
Telephone (575) 763-8900
Facsimile (575) 763-8900
E-mail: danlindsey@suddenlink.net
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court using CM/ECF causing Counsel for the Defendants to be electronically served this 25th day of September, 2019, as follows:

Mark D. Standridge
Cody R. Rogers
Jarmie & Associates
P.O. Box 344
Las Cruces, NM 88004
(575) 526-3338
Fax (575)526-6791
crogers@jarmielaw.com
Attorneys for Defendants


/s/Daniel R. Lindsey
Lindsey Law Firm, L.L.C.