**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JORGE RAY CORONA,**

      **Plaintiff,**

**vs.**                     **No. 17-CV-00805 JCH/CG**

**CITY OF CLOVIS, et al.,**

      **Defendants.**

**OFFICER TRAVIS LOOMIS' REPLY TO PLAINTIFF'S RESPONSE
TO MOTION FOR SUMMARY JUDGMENT AND FOR QUALIFIED IMMUNITY
ON PLAINTIFF'S EXCESSIVE FORCE CLAIMS**

**COMES NOW** Officer Travis Loomis, by and through his attorneys of record Jarmie &
Rogers, P.C., and hereby files his Reply to plaintiff's Response, Doc. No. 95 (filed Sep. 25, 2010)
to Loomis' Motion for Partial Summary Judgment. For his Reply, Officer Loomis states

A.      <u>Plaintiff Has Not Demonstrated Any Disputed Issue of Material Fact</u>

At the outset, Officer Loomis notes that plaintiff has failed to controvert—or even
meaningfully address—Loomis's eight (8) number Undisputed Material Facts (UMFs) set forth in
his Motion for Partial Summary Judgment. *See generally* Doc. No. 95, at pp.1-2. Thus, pursuant
to D.N.M. L.R.-Civ. 56.1(b), these material facts must be deemed undisputed. Instead, plaintiff
purports to set forth a handful of his own "facts"—however, plaintiff did not introduce his own
lettered statement of additional facts under D.N.M. L.R.-Civ. 56.1(b) (summary judgment
response "may set forth additional facts…which the non-movant contends are material to the
resolution of the motion. Each additional fact *must* be lettered and *must refer with particularity* to
those portions of the record upon which the non-movant relies") (emphasis supplied). *See also*
*Wells v. HI County Auto Grp.*, 2014 WL 12623030, *1 (D.N.M. Jan. 8, 2014) (unpublished).

Of course, the video evidence available in this case controls, particularly in light of *Scott*

*v. Harris*, 550 U.S. 372, 380 (2007). In *Scott*, the United States Supreme Court adopted the facts as depicted by a videotape of a high-speed police chase, rather than the facts as described by the plaintiff, because the plaintiff's "version of events [was] so utterly discredited by the record that no reasonable jury could have believed him." *Scott*, 550 U.S. at 380. As to the brevity of Officer Aguilar's alleged use of force and the lack of opportunity for Officer Loomis to intervene in the alleged use of force, the video speaks for itself. *See Aguilar Dash Camera Video*, previously lodged as **Exhibit B** to Doc. No. 41, at 3:57-4:00. As shown in the videos previously submitted by Defendants, Officer Loomis was merely present when Officer Aguilar's alleged three-second "slam" of plaintiff occurred. *See Loomis Dash Camera Video*, previously lodged as **Exhibit C** to Doc. No. 41, at 1:29-1:35; *see also* **Exhibit B**, at 3:57-4:00.

Indeed, as plaintiff himself has previously admitted, Officer Aguilar's dash camera video offers "a full view of [the] confrontation" between Officer Aguilar and plaintiff. *See* Doc. No. 54, p.7. Under *Scott*, this Court has applied a "blatant contradiction exception" to the general summary judgment standard where (as in the present case) the fact record available to the Court does indeed blatantly contradict the assertions made by the plaintiff. *See*, *e.g.*, *Kirk v. Flores*, 2015 WL 13659219 (D.N.M. Mar. 17, 2015) (unpublished), *adopted*, 2015 WL 13659253 (D.N.M. Aug. 7, 2015), *affirmed*, 712 F. App'x 729 (10th Cir. Oct. 12, 2017) (unpublished). Per *Scott* and its progeny, the videos control as to Loomis' alleged failure to intervene or intercede. The evidence on which plaintiff now purports to rely—Officer Loomis' post-incident criminal trial testimony, *see* Doc. No. 95, p.2—cannot be used to refute the undisputable video evidence.

The Court must view the scene from the perspective of a police officer on scene. *See*, *e.g.*, *Williams v. D.C.*, 268 F.Supp.3d 178, 186 (D.D.C. 2017) ("[t]o determine whether the arresting officer had probable cause or a good faith belief, the court evaluates the evidence from the

perspective of the officer, not the plaintiff") (quoting *Moorehead v. D.C.*, 747 A.2d 138, 147 (D.C. App. 2000)); *Taggart v. Aiello*, 2012 WL 3230385, *1 n.1 (E.D. Mich. Aug. 6, 2012) ("the issues of false arrest and excessive force…are viewed from the knowledge and perspective of the officers involved at the time"). Given that the underlying events were clearly captured on the video, Officer Loomis is entitled to summary judgment and qualified immunity on plaintiff's failure to intervene claim. *See, e.g.*, *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1207 (10th Cir. 2017); *cf. Clark v. Bowcutt*, 675 F. App'x 799, 807-08 (10th Cir. Jan. 5, 2017) (unpublished) ("[a]cknowledging that the dashboard camera video does not capture the entire episode in this case, it is nevertheless readily apparent to us from examining the video that Mr. Burkinshaw posed an immediate threat to Deputy Bowcutt's safety").

    B.    <ins>Plaintiff Has Failed to Meet his Burden of Showing Clearly Established Law</ins>

Even setting aside his failure to marshal a disputed issue of material fact, plaintiff has also failed to meet his burden of pointing to "clearly established" law. The burden is—and always has been—on the plaintiff to identify a case where a police officer acting under similar circumstances as Officer Loomis was held to have violated the Fourth Amendment. *See White v. Pauly*, 137 S.Ct. 548, 552 (2017); *see also Carabajal*, *supra*, 847 F.3d at 1208; *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013). Tellingly, plaintiff has not identified a single precedent—much less a controlling case or robust consensus of cases—finding a Fourth Amendment violation for failure to intervene "under similar circumstances." *D.C. v. Wesby*, 138 S.Ct. 577, 591 (citing *White*, 137 S.Ct. at 552); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ("our cases establish that the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense").

Here, the relevant question is not whether the Fourth Amendment generally prohibited

excessive force as of August 3, 2014—instead, "the clearly established law must be 'particularized' to the facts of the case." *White*, 137 S.Ct. at 552. "Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine...will apply to the factual situation the officer confronts.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Saucier v. Katz*, 533 U.S. 194, 205 (2001)). "[F]or a [law] to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *White*, 137 S.Ct. at 551 (quoting *Mullenix*, 136 S.Ct. at 308). This is done only when this Court can "identify a case where an officer acting under similar circumstances...was held to have violated the Fourth Amendment." *White*, 137 S.Ct. at 552; *see also Pauly v. White*, 874 F.3d 1197, 1223 (10th Cir. 2017), *cert. denied*, 138 S.Ct. 2650 (2018); *cf. Pyle v. Woods*, 874 F.3d 1257, 1263-64 (10th Cir. 2017); *see also Kisela v. Hughes*, 138 S.Ct. 1148, 1152-53 (2018) (per curiam)

Simply pointing to other cases with dissimilar facts–as plaintiff has done in his Response–does not suffice to meet the plaintiff's heavy burden. *See generally Aldaba v. Pickens*, 844 F.3d 870 (10th Cir. 2016) (prior Tenth Circuit Taser cases did not squarely govern the excessive force claims made by plaintiff estate); *see also Pompeo*, 852 F.3d at 984-86; *Ross v. Balderas*, 2017 U.S. Dist. LEXIS 38861, *10-*11 (D.N.M. Mar. 16, 2017) (unpublished) (Kelly, J.); *Manzanares v. Roosevelt Cnty. Adult Detention Ctr.*, 331 F.Supp.3d 1260, 1292-93 (D.N.M. 2018). In *Manzanares*, Judge Browning astutely noted that "it would appear that the Supreme Court has signaled through its per curiam qualified immunity reversals that a *nigh identical* case must exist for the law to be clearly established" (emphasis supplied). *Manzanares*, 331 F.Supp.3d at 1293 n.10. "[T]he Supreme Court has sent out unwritten signals to the lower courts that factually identical or a highly similar factual case is required for the law to be clearly established, and the

Tenth Circuit is now sending those unwritten signals to the district courts." *Id.* at 1306.

The cases cited by plaintiff in his Response are in no way "particularized" to the facts of this case. Plaintiff cites two decades-old, out-of-circuit cases: *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), and *Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972). *See* Doc. No. 95, p.3. In *Bruner*, the plaintiff was repeatedly struck with a nightstick, beaten on the side of his head with a flashlight, and kicked by three police officers at two different locations before being dragged down an alley. *Bruner*, 684 F. 2d at 424. The court stated that the plaintiff need not show the individual defendant engaged in conduct violating plaintiff's constitutional rights, but nonetheless affirmed the trial court's order granting Defendants' motion for new trial, finding those officers did not personally participate in the alleged wrongful behavior. *Id.* at 425. In *Byrd*, the plaintiff was beaten by certain unknown officers in the presence of the defendants; the court held that plaintiff was entitled to have his case submitted to the jury notwithstanding the fact he could not prove how the individual defendants participated in the alleged beating. Byrd, 466 F.2d at 10-11. A fair reading of both of these cases reflects the same theory of liability discussed in controlling Tenth Circuit authority outlined in Loomis's Motion, i.e. that an officer who is merely present is not liable for another officer's excessive use of force. *See Williamson v. California Highway Patrol*, 2012 WL 1327860, *4 (S.D. Cal. Apr. 17, 2012) (unpublished).

Moreover, both *Bruner* and *Byrd* are factually distinguishable from the present case: unlike in those two cases (both of which involved sustained beatings as discussed above), the alleged use of force in the present case lasted mere seconds, and there was no reasonable opportunity for Officer Loomis to intervene. *See Richardson v. City of Indianapolis*, 658 F.2d 494, 500 (7th Cir. 1981) ("this was not a case where there was time for the other officers to intervene") (citing *Russ v. Ratliff*, 538 F.2d 799 (8th Cir. 1976), *cert. denied*, 429 U.S. 1041 (1977) (sustaining a verdict in

favor of an officer who could not have intervened because the challenged events occurred within a few seconds)); *see also Williams v. Crosby*, 43 F.Supp.3d 794, 802 (N.D. Ohio 2014) (rejecting plaintiffs' reliance on *Bruner* and noting that plaintiffs "urge[d] a duty on [Defendant] to intervene at an exceedingly high level of generality"); *Hamrick v. Lewis*, 539 F.Supp. 1166, 1170 (N.D. Ill. 1982) (rejecting plaintiff's reliance on *Byrd*); *La v. Hayducka*, 269 F.Supp.2d 566, 581-82 (D.N.J. 2003) (same); *Norman v. City of Lorain, Ohio*, 2006 WL 8450771, *7 (N.D. Ohio Mar. 31, 2006) (unpublished) ("[u]nlike the facts of *Bruner*, where idle officers had the opportunity between blows to stop the next blow from occurring, nothing in the record suggests that Officer Carreon had any opportunity to intervene and prevent, or even reduce, Plaintiff's injury"); *Booker v. Horton*, 2005 WL 1862083, *4 (W.D. Ky. Aug. 2, 2005) (unpublished).

Indeed, just last year, the Tenth Circuit rejected a similar argument to that made by plaintiff here in *Sandberg v. Englewood, Colo.*, 727 F. App'x 950 (10th Cir. Mar. 7, 2018) (unpublished). In *Sandberg*, the plaintiff claimed that a Police Sergeant allegedly violated the Fourth Amendment by recommending that other officers continue to detain plaintiff even after their initial reasonable suspicion was extinguished. *Sandberg*, 727 F. App'x at 960. In support of his argument that the Sergeant's actions violated clearly established law, plaintiff cited a series of out-of-circuit cases (including *Bruner* and *Byrd*) "involving police officer nonfeasance—i.e., officers who were aware of a potential constitutional violation, yet declined to intervene"; the Tenth Circuit found that "[a]ll of these cases are distinguishable from this case of alleged malfeasance." *Sandberg*, 727 F. App'x at 960 & n.12. Consequently, the Court found that plaintiff did not carry his burden of plausibly alleging that the Sergeant violated clearly established Fourth Amendment law. *Id.* at 961.

Similarly, in the present case, plaintiff merely alleges that "Officer Loomis was aware of some sort of physical action by Officer Aguilar against Plaintiff, but he did nothing to stop it."

Doc. No. 95, p.2. Essentially, plaintiff alleges that Loomis' mere presence at the scene makes him "just as liable" as Officer Aguilar for the alleged three-second use of force. *See id.* at pp.2-3. However, this is contrary to clearly established Tenth Circuit law stating that personal involvement is required in order for an individual to be liable for a constitutional violation under 42 U.S.C. § 1983. *See*, *e.g.*, *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Moreover, the Tenth Circuit has held that, in order for "failure to intervene" liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring. *See*, *e.g.*, *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir.1984), *judgment vacated on other grounds by City of Lawton, Okla. v. Lusby*, 474 U.S. 805 (1985); *Hall v. Burke*, 12 F. App'x 856, 861 (10th Cir. June 12, 2001) (unpublished); *see also Mata v. City of Farmington*, 791 F. Supp. 2d 1118, 1156-57 (D.N.M. 2011); *Zubia v. Denver City*, 2015 WL 13665440, *3 (D.N.M. Mar. 30, 2015) (unpublished); *cf. Gutierrez v. Cobos*, 2014 WL 12797234, *10 (D.N.M. Mar. 26, 2014) (unpublished). Plaintiffs' two decades-old, out-of-circuit cases are inconsistent with the law of the Tenth Circuit and this Court, and as such, plaintiff has failed to meet his burden of supplying this Court with "clearly established" law supporting his failure to intervene claim against Officer Loomis.

Finally, plaintiff relies on the highly general notion that "[t]he use of force against an individual in connection with an arrest, stop, or seizure is analyzed under the Fourth Amendment's 'reasonable' [sic] standard." Doc. No. 95, p.3 (citing *Graham v. Connor*, 490 U.S. 386 (1989)). Although it is well settled that using excessive force violates the Fourth Amendment, general statements of the law–like those set forth in *Graham* as cited by plaintiff–do not by themselves create clearly established law outside "an obvious case." *White v. Pauly*, *supra*, 137 S.Ct. at 552 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (per curiam)); *see also Young v. Borders*,

620 F. App'x 889 (11th Cir. Oct. 21, 2015) (unpublished), *reh'g denied*, 850 F.3d 1274 (11th Cir. 2017) (Deputy's conduct violated no "clearly established law" as of date of incident, and there were no contrary cases with similar facts–much less any similar cases where an officer was held to have violated the Fourth Amendment–that would have put the Deputy on fair notice that his use of deadly force would violate the plaintiff's constitutional rights). "[A] hint as to what the law may be cannot substitute for clearly established law." *Carabajal*, *supra*, 847 F.3d at 1213 (citing *Mullenix*, *supra*, 136 S.Ct. at 309). In sum, plaintiff has failed to meet his burden of supplying this Court with clearly established law that would negate Officer Loomis' entitlement to qualified immunity.

**WHEREFORE**, Officer Loomis respectfully requests that this honorable Court grant his Motion for Partial Summary Judgment, and for whatever further relief this Court sees fit.

Respectfully submitted,

**JARMIE & ROGERS, P.C.**

*/s/ Cody R. Rogers*
Cody R. Rogers
Mark D. Standridge
P.O. Box 344
Las Cruces, NM 88004
(575) 288-1453
crogers@jarmielaw.com
mstandridge@jarmielaw.com
***Attorneys for Defendants***

I hereby certify that on October 16, 2019, I filed the foregoing through this Court's CM/ECF filing system, causing a true and correct copy of the same to be served electronically upon all counsel of record as more fully reflected in the Notice of Electronic Filing.

*/s/ Cody R. Rogers*
Cody R. Rogers